Nash, J.
 

 The equity of the plaintiff’s bill consists in this, that by the alteration of the note, after it had been delivered by Hillary and Thomas Radcliff, without their knowledge and consent, they were discharged from all responsibility on it, and he was deprived of all recourse to them, upon being made to pay it; and if the facts were so, unquestionably such would be their effect. It would have been a gross fraud upon
 
 *559
 
 him, which would have given him a clear right to ask the aid of a Court of Equity. Is this equity xnet and repelled by the answer? If so, the injunction cannot stand. For, as the motion to dissolve must be heard upon the bill and answer, where the latter fully meets the allegations of the former and denies them, as it is oath against oath, equity will not longer deprive the defendant of the benefit of his judgment at law.
 

 He is still, however, at liberty, by continuing over his bill as art original, to pursue his equitable redress, and so enforce his equitable rights, if he have any; but he is driven to his proofs, and can no longer rely upon his own oath. This principle is so familiar, that it cannot be necessary to cite authorities to sustain it. We think the answer does fully meet the allegations of the bill. ‘ It is true, the defendants were not personally cognizant of the facts ; they were not present when the bond was executed by Hillary and Thomas Radcliff, nor when it was executed by the plaintiff.. They cannot, therefore, of their own knowledge, say what was its condition at either of those periods. AllHhey know upon the subject, they derive from their agent; they state information given by him and assert their belief in its truth, and
 
 aver
 
 the facts to be as stated by him; they therefore adopt his statement and make it theirs. It is a rule of Chancery Practice, that when a bill states a fact, which is in the defendants own knowledge, he must answer positively, and not as to his remembrance or belief, but as to facts not within his knowledge, he must answer as to his
 
 information
 
 and
 
 belief
 
 and not to his information or hearsay merely, without stating his belief. When he answers he has neither knowledge nor information, his belief is unimportant, and he need not state it. It is sufficient for him to state, that he does not know, nor has he heard or been informed of the facts charged in the bill, save by the bill itself.- 1 John. C. C.
 
 Woods
 
 v. Morrell,
 
 107.
 
 Cooper’s Eq. Pleading, 314. 3 John. C. C.
 
 297. Morris
 
 v. Parker, Hoffman’s Chancery, 265. And it is very proper the rule should be so; otherwise every one, acting or contracting through an agent, would in all matters of injunctions, be very awkwardly situated__
 
 *560
 
 The rules of Chancery Practice, then, authorize the principal wben called into court to answer a bill, to' adopt the iuformation of his agent and make his statement his own.- It follows, tjjat an answer must )j0 clothed with all the authority, and have all the effect,- of one made upon the personal knowledge of the defendant. According, then,-to- the answers filed in this case, the bond in question was by Hi'llary Radcliff, one of the obligors, delivered- to the agent Tollman, and, when so delivered, was precisely in the situation in which it was; when the plaintiff executed it; and it is expressly and positively de¿ nied, that any
 
 alteration,
 
 in any particular, was made in it after it came into the possession of Tollman. This denial in the answer is strengthedby some singular discrepancies in the bill. It is first alleged,- that
 
 after
 
 the said note was executed, a seal was attached to the name of Hillary Radcliff, without the knowledge or consent of the said Hillary, and the name “George” stricken out, and.the name “Alpress” added there-to. The bill then proceeds' — “ Your orator further charges and alleges the truth to be, that
 
 previous
 
 to the erasure and! insertion, in the Spring of 1840, the agent presented the note' to your orator, at Ashville,” &c. “ your orator never for a moment supposed that a forgery had been previously committed on the said promissory note by the addition of a seal, and the erasing the name, as before set forth.” There is in this statement a confusion and want of clearness sufficient to excite distrust and throw discredit on it.- We are first told, that, when the note was presented to the plaintiff in the Spring of 1840, there was no erasure or substitution ; and then we are informed,- that, when he executed it, he had not the slightest idea a forgery
 
 had been
 
 committed on it, by adding, a seal, and by the erasure or substitution. In
 
 McFarland against McDowell,
 
 1 Car. L. R. 110, the court decide, that when the facts, on which the plaintiff’s equity rests, are by the answer positively denied, of the truth of them is rendered doubtful, by the facts and circumstances set forth in the answer, and the defendants swear they have no knowledge of the facts set forth in the bill, and that they do not believe them, so that, upon the whole,;
 
 *561
 
 the plaintiffs equity is rendered doubtful, the injunction be dissolved. Here are the material facts of the bill expressly denied, and the circumstances, as they are alleged to have occurred, set forth in the answer and doubts, to say the least, as to the truth of the allegations of the bill, excited not alone by the contradicting statements of the answer, but also by the contradictory averments of the plaintiff. According then to the rule in McFarland’s case, the injunction must be dissolved. But again, the fact of the forgery, according to the plaintiff’s 0W11 shewing, has been submitted to a jury in a trial at law, and the Verdict negatived the charge; and this, although the plaintiff, produced two witnesses, according to his allegation, to show that the alterations were in the handwriting of 'the agent, Tollman. The plaintiff, as far as we can see, acquiesced in the verdict, nor does he now complain of it, or give any explanation why the jury so found ; whether from a want of testimony, or any error in point oflaw on the part of the presiding judge. Without any explanation, he comes into a Court of Equity and asks for a new trial. We think he is not entitled to it;
 
 Peace
 
 v.
 
 Nailing,
 
 1 Dev. Eq. 290. With respect to the insufficiency of the clocks, we do not consider any question upon that point as arising in this case. The bill is not framed with that view. It does not ask to haVe the contract rescinded, nor does it offer to return the clocks still on hand, or to account for those sold, nor are the proper parties, the purchasers of the clocks, before the court. In truth, it is a question in which the plaintiff has no concern. He places himself solely upon the ground of the fraud charged to have been practised on him, in procuring his execution of the bond.
 

 The interlocutory order heretofore made in this case; dissolving the injunction, ought to be affirmed.
 

 Per Curiam,' Ordered to be certified accordingly